

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-83,185-07, -08, -09, -10, -11 & -12

**EX PARTE ORIAN LEE SCOTT, Applicant**

**ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 20462 HC-3, 20462 HC-4, 20463 HC-3,
20463 HC-4, 20464 HC-3 & 20464 HC-4
IN THE 6TH DISTRICT COURT
FROM LAMAR COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the following offenses for each of the three complainants: inducing a sexual performance by a child (Count I), promoting and producing a sexual performance by a child (Count II), and possession of child pornography (Count III). He was sentenced to imprisonment for three terms of twenty years and six terms of ten years. The Sixth Court of Appeals rendered an acquittal in Count I of each

cause, ordered a new trial on guilt in Count II of each cause, and ordered a new punishment trial in Count III of each cause. *Scott v. State*, 173 S.W.3d 856 (Tex. App.—Texarkana 2005). We left the court of appeals's judgments of acquittal in place, but reversed its judgments as to Counts II and III and affirmed the trial court's judgments as to Counts II and III. *Scott v. State*, 235 S.W.3d 255 (Tex. Crim. App. 2007).

Applicant now contends, among other things, that he was denied the effective assistance of counsel at the punishment stage. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating what sentences, if any, in these causes have discharged. The trial court shall also order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first determine what sentences, if any, in these causes have discharged. It shall then determine whether counsel's conduct at the punishment stage was deficient and whether Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions

of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish